ROGERS, Respondent, *vs.* PENNISTON, Appellant.

1. One tenant in common may sue another under the new code of Practice of 1849, without resorting to the action of account under the statute of 1845.
2. A. and B. own a ferry in common, with an agreement that each shall be entitled to one half of the proceeds, after paying all expenses. B., in good faith and for a valuable consideration, leases the ferry out to C. without the consent of A. *Held,* A. cannot recover of B. one half of the proceeds received by C. but only one half of the rent reserved by B.

*Appeal from Daviess Circuit Court.*

*Hayden,* for appellant.

RYLAND, Judge, delivered the opinion of the court.

The parties in this suit were owners of a tract of land on Grand River, in Daviess county, as tenants in common, on which they established a ferry, some time in the year 1842 or 1843.

It appears from the evidence, that for the year 1846, the appellant, Penniston, leased the ferry to one Joseph Nichols ; that Nichols was to pay to appellant and to Rogers, the plaintiff below, each one-third of the proceeds of the ferry, and to have one-third himself ; that in 1847, Rogers leased the ferry to Nichols, upon the same terms ; that the defendant first leased it to Nichols, in 1846, without the consent of the plaintiff, and that in 1847, the plaintiff leased it without the consent of defendant ; that each one claimed the authority to rent it out, and each exercised the authority ; that the said defendant kept the ferry himself in the year 1848, but owing to the low stage of the river, it did not pay the expenses of keeping that year ; that the proceeds of the ferry, in 1846, were about one hundred and fifty dollars, which the lessee accounted for, according to his contract ; that the proceeds of it, in 1847, were fifteen dollars ; and that in 1848, the proceeds of the ferry were not sufficient to pay the expenses in keeping it up ; that in the breaking up of the winter, in February, 1849, the ice carried off the ferry boat, and that there was no boat at the ferry until about the last of March, 1849 ; that the defendant

below, the appellant here, leased the ferry for the year 1849, to one Theodore Penniston, for and in consideration that the lessee should build and put in a new ferry boat and leave it at the end of the season for the said ferry. Accordingly, Theodore Penniston built and put at the ferry a boat, about the 27th of March, 1849, which he left there; that, owing to the unprecedented emigration to California, in the spring of 1849, the proceeds of the ferry were between four and five hundred dollars, during the ferrying season of that year. At the time of the leasing of the ferry to Theodore Penniston, there was no expectation of such an amount of traveling as afterwards took place; that the boat was left at the ferry by Theodore Penniston, after the expiration of his lease; and that he paid none of the proceeds to the appellant. The ferry boat was worth from forty-five to fifty dollars. The plaintiff's action was to recover one half of the proceeds of the ferry for the year 1849, from the defendant. It was admitted, on the trial, that the proceeds of the ferry, after paying all expenses, were to be divided equally between the parties. On the trial several instructions were asked by both parties, which the court refused to give. The court, of its own motion, gave two instructions. These two instructions, given by the court to the jury, and two others asked by the defendant below, which the court refused to give, involve the main points of controversy in this case.

The instructions asked and refused are as follows:

1. If the jury find from the testimony, that the plaintiff and defendant were tenants in common in the land on which the ferry in controversy was situated, and that defendant in good faith, and for a valuable consideration, leased said ferry for a limited time, and that the proceeds of said ferry, so leased or rented, were applied to the equal and joint benefit of plaintiff and defendant, that then, for the proceeds and profits of said ferry, for the time it was so rented or leased, the plaintiff has no right to recover in this action.

2. If the jury believe from the evidence, that defendant

was a partner with the plaintiff in said ferry; that the defendant rented said ferry out for a limited time, in good faith, and for a valuable consideration, and that the proceeds and profits of said ferry were applied to the joint and equal benefit of both parties, that then the plaintiff is not entitled to recover.

The instructions which were given are as follows:

1. If the jury find from the evidence, that there was a a contract existing between plaintiff and defendant, by which the proceeds of the ferry, after deducting the expenses of keeping the same, were to be divided equally between them, then the jury will find for the plaintiff one half of the proceeds of the ferry, after deducting the costs of repairing the boat, and a reasonable allowance for keeping the ferry; and in making the estimate, they will include the proceeds of the ferry during the time the same was rented to Theodore Penniston, unless they find that the plaintiff assented to the renting to Theodore Penniston, or that such renting was in accordance with the usual course of business by the parties before that time.

2. If they find from the evidence, that there was no contract in reference to the division of the proceeds of the ferry, and that the defendant, either with the assent of the plaintiff, or in accordance with the usual course of business by them before that time, rented the same to Theodore Penniston, in good faith, stipulating that the rent should be paid by a boat built for their joint benefit, and the said boat was built accordingly, and that the defendant did not receive any other proceeds of such ferry, they will find for the defendant.

The jury found for the plaintiff, and assessed his damages at one hundred and twenty dollars. The defendant below filed his motions for a new trial and in arrest of judgment, which being overruled, he brings the case here by appeal.

1. Upon the facts as set forth in this case, it is the opinion of this court that the court below erred in giving the instructions, and also in refusing the instructions above set forth. It is

not deemed necessary to review the old law upon the rights and privileges of tenants in common, whether and in what mode one can sue the other for the rents and profits of the estate held in common. By the statute concerning " Practice in Courts of Justice," passed in 1849, and under which this present action was brought, the distinction between different actions at law, and between actions at law and suits in equity, and the forms of all such actions and suits heretofore existing, are abolished. This act declares that " all rights of action, given or secured by existing laws, may be prosecuted in the manner provided by it." It was not necessary, therefore, for the plaintiff to resort to the action of account under our statute of 1845, as contended for by one of the counsel in his brief.

2. The defendant below having leased out the ferry for the year 1849, for and in consideration of a ferry boat, to be built and used at the ferry, and to be left there for the ferry, it was proper and right that this contract of the defendant should be brought before the jury, for them to ascertain if such renting was made in good faith, and with *bona fide* intention, or otherwise ; and whether the consideration of the renting for the year 1849, was a valuable one, and equally for the benefit of both parties or not. The instructions given by the court are improper in placing the liability of the defendant below upon the existence of a contract between the plaintiff and defendant, by which the proceeds of the ferry, after deducting expenses of keeping the same, were to be equally divided between them. This instruction did not put the case properly before the jury. The defendant contended that he was not liable, because he had, in good faith, rented the ferry for a boat, which was for the joint benefit of himself and plaintiff, and was a valuable consideration at the time of making the lease ; and that he had received nothing but the boat, which was to be used at the ferry, and was the joint property of both. The instructions given were erroneous, and the two inserted above, as asked by the defendant, should have been

given. If the renting by the defendant to Theodore Penniston was a mere collusion, or if there was an understanding that the defendant was to receive a part of the proceeds above the ferry boat, these instructions were calculated to bring the honesty and good faith of the transaction between defendant and Theodore Penniston before the jury. The liability of the defendant to his co-tenant in common did not depend upon any contract about dividing the profits of the ferry. If the defendant, as co-tenant in common, had received nothing from his renting out the ferry but the ferry boat, which was for the joint interest of plaintiff and defendant, a contract about dividing profits could not make him liable. The ferry boat was the proceeds of the ferry for the year 1849. It yielded nothing above the expenses in 1848, according to the evidence of Nichols, and there was nothing for such a contract to operate upon.

The judgment below must be reversed and the cause remanded—the other Judges concurring.